*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RONALD ALLEN SMITH,

      Defendant-Appellant.

UNPUBLISHED
July 23, 2020

No. 347586
Saginaw Circuit Court
LC No. 17-043764-FC

Before: RIORDAN, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of second-degree murder, MCL 750.317; two counts of assault with intent to murder (AWIM), MCL 750.83; and five counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). The trial court sentenced defendant to concurrent prison terms of 22½ to 45 years for his second-degree murder conviction, 13 to 45 years for each AWIM conviction, and to two years for each of his five felony-firearm convictions to be served concurrently with each other and consecutively to the other sentences. We affirm.

## I. FACTS

Defendant fatally shot the victim in the head after the victim and his friends robbed defendant at a garage where defendant sold marijuana. Defendant told police that he fired a gun while in the garage after a scuffle with the robbers. However, there was no blood in the snow outside of the garage and the car in which the victim was found had a significant amount of blood and it had a broken window. The forensic pathologist did not find any gunpowder stippling on the victim, which normally occurs when a person is within two feet away from the shooter, but found pseudo-stippling, which occurs when a bullet passes through an intermediate object such as glass before striking a victim.

At trial, two of the victim's accomplices testified that there was no altercation with defendant inside the garage, and that they were inside the car and driving away when they heard gun shots. One witness testified that she had pleaded guilty to a crime, would likely not go to jail, and would be given Holmes Youthful Trainee status. The other witness testified that he did not

have a deal with the prosecution and that he did not expect to have the charges against him dismissed. Prior to the trial, he had been in jail for five months with a $4 million bond amount, but had been released.

Over defendant's objection, a Saginaw Police Department detective testified that he believed the victim was shot while inside the car. The detective based his opinion on his training, his experience, his review of the garage crime scene, and his review of photographs of the victim and the car in which the victim was found.

The jury convicted defendant on all counts except for two additional counts of AWIM. Defendant now appeals.

## II. ANALYSIS

## A. PROSECUTORIAL MISCONDUCT

Defendant first argues that the prosecutor committed misconduct by stating that the witnesses who had committed armed robbery would receive probationary punishment, and thereby inferred that the witnesses would not receive any benefit from testifying. We disagree.

This issue is unpreserved because defendant did not object at trial or request a curative instruction. *People v Unger*, 278 Mich App 210; 749 NW2d 272 (2008). Unpreserved issues are reviewed under the plain error standard, whereby defendant must show that: (1) an error occurred; (2) the error was plain, and (3) the plain error affected defendant's substantial rights, i.e., the error affected the outcome of the proceeding. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Reversal is warranted only when the unpreserved error results in the conviction of an actually innocent defendant or the unpreserved error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id*. at 763-764. We will generally not reverse the defendant's conviction on the basis of a prosecutorial statement when the prejudicial effect could have been resolved with a curative instruction. *Unger*, 278 Mich App at 235.

We evaluate the prosecutor's statements in light of the defense counsel's statements and in relationship to the evidence admitted at trial. *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009). Although a prosecutor may not argue facts not in evidence or mischaracterize the evidence presented, the prosecutor may argue reasonable inferences from the evidence and may fairly respond to an issue raised by the defendant. *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001); *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008). Prosecutors are typically afforded great latitude regarding their arguments. *Unger*, 278 Mich App at 236. Even if the prosecutor's comments were improper, a new trial is not required unless the comments were outcome-determinative. See *Seals*, 285 Mich App at 25.

Here, the prosecutor's statements were related to testimony admitted at trial and were made to rebut defendant's closing argument. During the closing statement, defendant argued that the accomplice-witnesses were not believable and had committed serious crimes. Defense counsel made the following argument:

Again, it could be one of us. It could be our home. Then he posts this and then, oh, yeah, he's in jail with a four-million-dollar bond and he just gets out, said, well, they haven't promised me anything yet, but you can see how the prosecution wouldn't want to make too many promises, you know, like that made with [the victim's other accomplice], because they have already put that on the record already that nothing's going to happen to her.

Of course she's going to have to be maybe on probation for a couple of years. Oh, my gosh. Remember what I said? Well, nothing's really going to happen to you, is it . . . . Well, [the prosecutor] objected to that. Well, she's going to have to do this, man. She's going to have to be on probation for a couple years. Well, let's send [defendant] away for the rest of his life, but [the accomplice is] being punished, boy, oh, boy.

In rebuttal, the prosecutor made the following argument:

Defense counsel has spent time after time after time to try to tell you that these individuals who may not be as educated, who may not have the best circumstances, that their lives don't matter, they can kill them. They post stuff on Facebook. Kids barely answer questions. Am I saying a silly decisions? Absolutely not. I said terrible decision. I said a bad mistake. Getting a free walk— if a juvenile commits armed robbery, typically there's probationary anyways. There's no free walk. They're being held accountable as 15-year-olds, as 16-year olds, and he should be held accountable as a 30-year-old-murderer. That's your job, follow the law.

At closing arguments, defense counsel argued that the witnesses were going unpunished for armed robbery while defendant was going to be punished. In rebuttal, the prosecutor responded by explaining that the witnesses would face consequences for the robbery. Because the prosecutor may fairly respond to an issue raised by defendant, the statements did not constitute misconduct. *Brown*, 279 Mich App at 135.

Defendant contends that the prosecutor's statements impermissibly argued evidence that was not admitted at trial. This is factually incorrect. One witness testified that she pleaded guilty to a crime, that she was going to get Holmes Youthful Trainee status, and that she had been told that she was not going to jail. The other witness testified that he had not discussed a potential plea deal and was not expecting the charges against him to be dismissed. Thus, the prosecutor's statements were properly based on the witnesses' testimony.[1] *Unger*, 278 Mich App at 236 (the

---

[1] Defendant also alleges that the prosecutor's statements were erroneous because they gave a false impression that juvenile offenders always received lower sentences then adults, which is not true for armed robbery. See MCL 761.1(j); 769.1(1)(k) (juveniles who are under the jurisdiction of the circuit court under MCL 600.606 and who are convicted of armed robbery are to be sentenced as an adult). Although MCL 769.1(1)(k) requires the trial court to sentence a juvenile offender as an adult for armed robbery if the juvenile is tried as an adult under MCL 600.606, it does not directly

prosecutor is permitted to argue the evidence admitted at trial and all reasonable inferences drawn therefrom).

Moreover, the alleged misconduct was not outcome-determinative because the jury was instructed that attorney arguments are not evidence. See *Seals*, 285 Mich App at 25 (a new trial is required only when the prosecutor's statements were outcome-determinative); *id.* at 22 (curative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements); *Unger*, 278 Mich App at 235 (jurors are presumed to follow their instructions). Defense counsel did not provide ineffective assistance by failing to object to the prosecutor's statement as any objection would have been futile. *People v Kulpinski*, 243 Mich App 8, 27; 620 NW2d 537 (2000) (an attorney is not required to raise a futile objection).

## B. DETECTIVE'S TESTIMONY

Defendant next argues that the trial court committed error requiring reversal by allowing the detective to testify as a lay witness about whether the victim was shot through the rear windshield. We disagree.

We review the trial court's decision on an evidentiary issue for abuse of discretion. *People v Fomby*, 300 Mich App 46, 48; 831 NW2d 887 (2013). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Unger*, Mich App at 217.

All relevant evidence is admissible, unless a court rule or constitutional provision prohibits it. *Fomby*, 300 Mich App at 48. MRE 701 states, "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." MRE 702 states:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product

---

contradict the prosecutor's statement that "typically there's probationary anyways. There's no free walk. They're being held accountable as 15-year-olds, as 16-year olds, and he should be held accountable as a 30-year-old-murder." Defendant argues that these statements constitute error requiring reversal because they gave the jury a false impression about the benefit of a potential bargain made between the two witnesses and the prosecution. However, the prosecutor's statements did not give the jury a false impression because they were based on the evidence admitted at trial and the prosecutor's rebuttal was focused on the victim's death. The prosecutor's statement did not concern any potential plea agreements. Therefore, defendant is not entitled to relief on this issue.

of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Here, it was not necessary for the detective to first qualify as a witness before he testified that he believed the victim was inside the car when he was fatally shot in the head. There was no blood in the snow outside the garage and a large amount of blood inside the car where the victim was found and the car had a broken window. Other witnesses also testified to these same facts. Unlike the forensic pathologist's testimony regarding stippling, the detective's testimony was based on common sense observations of the crime scene rather than highly specialized knowledge. *People v Petri*, 279 Mich App 407, 416; 760 NW2d 882 (2008). See also *People v Dobek*, 274 Mich App 58, 78-79; 732 NW2d 546 (2007) (finding no error requiring reversal when a detective testified about delayed disclosure because the witness had the qualifications needed to give the testimony). Moreover, the detective had 21 years of experience in law enforcement and was an instructor in a program that studies how bullets respond after passing through vehicle glass. Thus, the detective could have been qualified as an expert on that basis, and therefore, any error was harmless. *Petri*, 279 Mich App at 416-417.

## III.  CONCLUSION

The prosecutor did not commit misconduct by indicating that the witnesses would receive consequences for their participation in the robbery, and the trial court did not commit error requiring reversal when it admitted the lay testimony of the detective. Accordingly, we affirm.

/s/ Michael J. Riordan
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause